[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10679
Non-Argument Calendar
_____

D. C. Docket No. 05-10054-CV-KMM

CHARLES FORCE,

Plaintiff-Appellant,

versus

DANNY L. KOLHAGE,
MARK JONES,
RICHARD PAYNE,
DAVID L. LEVY,
GERALD B. COPE,
MELVIA B. GREEN et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 11, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Charles Force appeals the district court's dismissal of the claims he brought under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, and the Racketeering Influence Corrupt Organization Statute ("RICO"), 18 U.S.C. § 1962(c) and (d), against Florida state court Judges David L. Levy, Gerald B. Cope, Melia Green, Richard Payne and Mark Jones, and the court's grant of summary judgment in favor of Danny L. Kolhage, Clerk of Monroe County, Florida, Circuit Court. Force's claims stem from actions he brought against Kolhage in Florida court that the defendant judges disposed of adversely to Force.

In prosecuting this appeal, he presents two principal arguments. First, the district court erred in dismissing his complaint for lack of subject matter jurisdiction under the Rooker-Feldman[1] doctrine. Alternatively, he argues that he was not afforded due process in state court, which constituted "fraud" that "vitiated the [state] court's proceedings" and rendered the state decisions not entitled to Full Faith and Credit. Second, Force argues that the district court erred in dismissing his claims for damages against the judges on the ground that they were entitled to absolute judicial immunity. As to this argument, he states that the dismissal

---

[1]District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)

violated his "civil and constitutional rights."[2]  We address these arguments in turn.

I.

The <u>Rooker-Feldman</u> doctrine holds that a federal district court lacks jurisdiction to review a state court's final judgment.  <u>Amos v. Glynn County Bd. of Tax Assessors</u>, 347 F.3d 1249, 1265-66 n.11 (11th Cir. 2003).  Four criteria must be met for the doctrine to apply: (1) the party in federal court is the same as in the state court; (2) the state court ruling was a final judgment on the merits; (3) the plaintiff in federal court had a reasonable opportunity to raise his claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or inextricably intertwined with its judgment.  <u>Id.</u>  The doctrine is confined to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

Here, the defendant judges presided over state court actions in which Force

---

[2]In addition to these two arguments, Force contends that the district court erred in denying his motions to disqualify the Florida Attorney General, for discovery, and to dismiss Kolhage's attorney, and his application for a temporary injunction.  Since the court properly dismissed his claims for lack of jurisdiction under the <u>Rooker-Feldman</u> doctrine, we need not reach these arguments.

3

was a party and denied his claims for relief. Those claims arose from Kolhage's alleged failure to file documents on Force's behalf, both prior to and during the state court proceedings. Force now seeks federal court relief based upon what he believes were improper rulings in those cases. The procedural framework in this case is similar to that described by the Court in Exxon Mobil. See Exxon Mobil, 544 U.S. at 284. Moreover, all of the Rooker-Feldman elements have been met. Force's Rooker-Feldman argument therefore fails.

## II.

Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity, unless they acted in a clear absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 9-12, 112 S.Ct. 286, 287-81, 116 L.Ed.2d 9 (1991). Force presents nothing to support the proposition that the defendant judges acted outside of their judicial authority or in a clear absence of jurisdiction. Indeed, it appears from his complaint and subsequent filings that the judges acted within their jurisdiction in issuing the complained of orders and managing the cases he filed.

We find no basis for disturbing the district court's judgment. It is accordingly

AFFIRMED.

4